The STATE of Ohio, Appellee,

v.

CSX TRANSPORTATION, INC., Appellant.

[Cite as *State v. CSX Transp., Inc.* (2000), 139 Ohio App.3d 589.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–00–019.

Decided Aug. 25, 2000.

*Mark D. Tolles,* for appellee.

*Mark D. Meeks* and *James R. Carnes,* for appellant.

PIETRYKOWSKI, Judge.

This is an accelerated appeal from a judgment of the Bowling Green Municipal Court that found defendant-appellant, CSX Transportation, Inc., guilty of four counts of obstructing a public road in violation of R.C. 5589.21 and imposed a penalty of $1,000 per count pursuant to R.C. 2901.23, the organizational criminal liability statute. From that judgment, appellant raises the following assignment of error:

"The Municipal Court of Bowling Green erred by penalizing defendant–appellant CSX Transportation, Inc., under the organizational criminal liability statute and organizational penalties statute, Ohio Revised Code §§ 2901.23 and 2929.31, respectively, for a violation of the blocked crossing statute, Ohio Revised Code § 5589.21."

Appellant asserts that the organizational criminal liability statute does not apply to it because R.C. 5589.21 and R.C. 5589.99 provide the applicable penalties for a railroad company's obstruction of a public road. We disagree.

R.C. 2901.23 provides:

"(A) An organization may be convicted of an offense under any of the following circumstances:

"* * *

"(2) A purpose to impose organizational liability plainly appears in the section defining the offense, and the offense is committed by an officer, agent, or

employee of the organization acting in its behalf and within the scope of his office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, such provisions shall apply."

R.C. 5589.21 clearly imposes organizational liability on a railroad for obstructing a public street. That statute provides:

"No railroad company shall obstruct, or permit or cause to be obstructed a public street, road, or highway, by permitting a railroad car, locomotive, or other obstruction to remain upon or across it for longer than five minutes, to the hindrance or inconvenience of travelers or a person passing along or upon such street, road, or highway."

R.C. 5589.99(B) then provides that whoever violates R.C. 5589.21 is guilty of a minor misdemeanor. Penalties for classified misdemeanors and minor misdemeanors are generally set forth in R.C. 2929.21. It is pursuant to this statute that appellant contends the court could only impose a $100 fine on it for each of the violations. However, because appellant is an organization, the penalties provided in R.C. 2929.31, organizational penalties, are applicable to the present matter. That statute states that an organization that is convicted of an offense pursuant to R.C. 2901.03 *shall* be fined in accordance with R.C. 2929.31. R.C. 2929.31(A)(15) provides that the fine for a minor misdemeanor not specifically classified shall be no more than $1,000.

Accordingly, the trial court did not err in imposing fines on appellant pursuant to the organizational criminal liability statute, and the sole assignment of error is not well taken.

On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Bowling Green Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK and SHERCK, JJ., concur.